## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARIEL CETRONE** | ) | |
| 811 4th Street, NW, Unit 907 | ) | |
| Washington, DC 20001 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | Civil Action No. 16-1576 |
| 441 4th Street, NW | ) | |
| Washington, DC 20001 | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **LISA RICHARDS TONEY** | ) | |
| 620 14th Street NE | ) | |
| Washington, DC  20002 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

### Introduction

The District of Columbia fired Ms. Cetrone when she was eight months pregnant because she sought to get the same benefits afforded to her peers and coworkers in her office, such as paid time off for the birth of her son and related benefits. Her employer refused, claiming—wrongly—that she was an independent contractor and that she was thus not entitled to any of the benefits or statutory protections (such as leave under the Family and Medical Leave Act) afforded to her coworkers.  Ms. Cetrone sought help by filing a complaint with the U.S. Department of Labor to enforce her rights to FMLA leave and other protections.  On August 4, 2015, Defendant Lisa Richards Toney, the Executive Director of the D.C. Commission on Arts and the Humanities, the District of Columbia agency where Ms. Cetrone worked, called Cetrone into a meeting and

1

demanded to know if Ms. Cetrone had complained to the DOL.  Ms. Cetrone confirmed that she did.  The next day, Ms. Cetrone was fired.

In this action, Ms. Cetrone seeks to recover her lost wages and employment benefits and other appropriate relief for the Defendants' unlawful conduct in denying her leave and benefits, and in retaliating against her for trying to exercise and enforce her legal rights.

## JURISDICTION, VENUE AND PREREQUISITES

1. This Court has subject matter jurisdiction over Plaintiff's federal claims in this action pursuant to 28 U.S.C. § 1331 and § 1343, and over Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over the District of Columbia because its actions and omissions alleged herein occurred in this District.  This Court has personal jurisdiction over Lisa Richards Toney as she was acting as an employer, or in the interests of an employer.  The conduct alleged to be violations of law occurred in the District of Columbia.  During the relevant times, Lisa Richards Toney regularly conducted business, including but not limited to the supervision of staff, in the District of Columbia.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in the District of Columbia and because at all relevant times, Defendants were doing business in the District of Columbia.

4. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 26, 2016, raising claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the D.C. Human Rights Act.  The District of Columbia Office of Human Rights ("DCOHR") is a Fair Employment Practices Agency ("FEPA")

2

with which the EEOC has a work sharing agreement.  Consequently, the charge that Plaintiff filed with the EEOC was automatically cross-filed with DCOHR upon filing it with the EEOC.

5.  Plaintiff exhausted all required administrative remedies.  In the alternative, Plaintiff was excused by futility from exhausting some or all available administrative remedies.

6.  On February 4, 2016, Ms. Cetrone provided notice in writing to the Mayor of the District of Columbia of the facts and circumstances of her injury pursuant to D.C. Code §12-309.

7.  Ms. Cetrone's claims under Title VII are currently pending before the EEOC.[1]  Because her Title VII claims arise under the same facts as alleged herein, she expects to add these claims when she receives a right to sue letter from the EEOC .

## PARTIES

8.  Plaintiff Ariel Cetrone is a resident of Washington, D.C.  Ms. Cetrone was employed by an Agency of Defendant District of Columbia, the D.C. Commission on Arts and the Humanities, as an Arts Education Program Associate from April 1, 2013 through August 5, 2015. Ms. Cetrone met the definition of "employee" as that term is defined in the relevant statutes, including but not limited to Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. and the District of Columbia equivalent ("DCFMLA"), D.C. Code § 32-509; the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 et seq.; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; Title VII of the 1964

---

[1] Although Plaintiff included D.C. Human Rights Act claims in the charge that she filed with the EEOC, she has not received any indication as to whether the EEOC and/or the DCOHR is exercising jurisdiction over her D.C. Human Rights Act claims such that the filing of the charge would toll the statute of limitations period.  Consequently, Plaintiff has included those claims in this Complaint out of an abundance of caution, as the D.C. Human Rights Act has a one-year statute of limitations period.

Civil Rights Act, as amended; and the D.C. Whistleblower Act, DC Official Code § 1-615.51 et seq.

9. The District of Columbia is a government that employed Ms. Cetrone through its Agency, the D.C. Commission on the Arts and Humanities (hereafter referred to as "the Commission"). The Commission is located in and operates in the District of Columbia. The District of Columbia employs more than fifty (50) employees in the District of Columbia, and employs more than fifty (50) employees within the Commission in the District of Columbia. The District of Columbia is an "employer" as that term is used in the relevant statutes, including but not limited to Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. and the District of Columbia equivalent ("DCFMLA"), D.C. Code § 32-509; the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; Title VII of the 1964 Civil Rights Act, as amended; and the D.C. Whistleblower Act, DC Official Code § 1-615.51 et seq. In the alternative, the District of Columbia was a joint employer of Plaintiff at the relevant times. Ms. Cetrone's performance of her duties was at all relevant times satisfactory.

10. Defendant Lisa Richards Toney was an "employer" as that term is defined in the relevant statutes, including but not limited to the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 et seq. In the alternative, Defendant Lisa Richards Toney was a joint employer of Plaintiff.

## FACTUAL ALLEGATIONS

**Ms. Cetrone Begins Her Employment with the D.C. Commission on Arts and Humanities**

11. In February 2013, Ms. Cetrone was offered employment as an Arts and Education Program Associate by the District of Columbia Commission on Arts and Humanities ("the Commission"), a District of Columbia Agency.

12. Notice of the position opening for the "Arts and Education Program Associate" position that Ms. Cetrone applied for was sent to Ms. Cetrone by a friend in early 2013. Ms. Cetrone applied for the position.

13. The Commission interviewed Ms. Cetrone three times before she was offered the Arts and Education Program Associate position.

14. All interviews of Ms. Cetrone were conducted by Commission staff who were employed by the District of Columbia. The job offer was made to Ms. Cetrone on or about February 28, 2013 during a telephone call with Carlyn Madden, the Commission's Arts Education Manager.

15. Ms. Cetrone accepted the Commission's offer of the Arts and Education Program Associate position.

16. Ms. Cetrone began working as an Arts and Education Program Associate for the Commission and the District of Columbia on April 1, 2013.

17. Ms. Cetrone's primary responsibilities as Arts and Education Program Associate were to review grant applications, process grant payments, and coordinate several programs that the Commission oversees. She was responsible for disbursing approximately $800,000 to $900,000 per year in D.C. government funds. She also regularly represented the Commission in hearings before the D.C. Council.

18. At all relevant times, the District of Columbia, through the Commission, controlled the means and manner of Ms. Cetrone's work.  The economic realities of Ms. Cetrone's work situation made her an employee of the Commission, and therefore of the District of Columbia, under the relevant law.  In the alternative, the Commission, and therefore the District of Columbia, was Ms. Cetrone's joint employer.  The Commission posted the vacancy, interviewed Ms. Cetrone and hired her directly.  The Commission provided directions on the means and manner of performance, and supplied to Ms. Cetrone all materials used by her, including office space, computer, office supplies and other equipment. Ms. Cetrone was provided a telephone number and email address, and held out to the public the same as other Commission employees, including but not limited to on the published staff listing.  Ms. Cetrone represented the Commission in matters outside the office and was not designated as a contractor.  The Commission set Ms. Cetrone's work hours, approved her leave and provided her with compensatory time off.  The Commission established the standards of performance and evaluated Ms. Cetrone's performance.   In these and other material ways, there was no meaningful distinction between Ms. Cetrone and those coworkers classified as regular employees of the Commission and the District of Columbia.

**Ms. Cetrone Notifies the Commission That She is Pregnant and Requests Leave**

19. In February 2015, Ms. Cetrone informed her supervisor, the Commission's Interim Executive Director Lisa Richards Toney, that she was pregnant and asked if she could receive the eight (8) weeks of paid family leave that D.C. government employees, including Commission employees, are entitled to under D.C. law.

20. Ms. Toney informed Ms. Cetrone that she was not eligible for paid family leave or unpaid leave under the FMLA or DCFMLA, contending (wrongly) that she was an independent contractor rather than an employee.  Ms. Toney's statement was not true.  In fact, Ms. Cetrone was an employee of the Commission and the District of Columbia at all times relevant to this action.

21. In June 2015, Ms. Cetrone asked Ms. Toney to provide her with the same rights and benefits as other employees of the Commission because she was a regular full-time employee under the law.  In making this request, Ms. Cetrone was asking Ms. Toney and the Commission to conform her listed status to the economic realities of her job and to the degree of control exercised over her by the Commission and Defendant Toney.

22. In response to Ms. Cetrone's June 2015 request, Defendant. Toney refused to treat Ms. Cetrone as an employee or provide her the same rights and benefits as other regular full-time employees of the Commission.

23. Defendant Toney informed Ms. Cetrone that she and the Commission would be willing to hold open her position if she chose to take unpaid leave following the birth of her baby, but emphasized that she and/or the Commission were not legally required to do so and accordingly there was no guarantee that her position would be held open while she was on parental leave.  In making this statement, Defendant Toney made clear that she and the Commission—Ms. Cetrone's employers—were refusing to provide Ms. Cetrone the rights and benefits that Ms. Cetrone was entitled to receive under the FMLA and the DCFMLA.

24. On or about June 4, 2015 Ms. Cetrone also asked Defendant Toney if the Commission would allow her to take her ten days of paid annual leave immediately after the renewal of her contract in October 2015.  In response, Defendant Toney told her that the Commission

would not renew her contract until Ms. Cetrone returned to the office after taking unpaid leave. This was a departure from the Commission's past practices, in which such contracts were customarily renewed as a matter of course.  Defendant Toney told Ms. Cetrone that her contract would not be renewed until she returned to the office after her parental leave because Ms. Cetrone was pregnant.

**Ms. Cetrone Reports Denial of Leave and Misclassification to the Department of Labor**

25. On July 24, 2015, Ms. Cetrone reported the misclassification of her position and the Commission's denial of her DCFMLA and FMLA leave and overtime rights under FLSA to the U.S. Department of Labor (DOL).  This DOL complaint was protected from reprisal under federal and/or District of Columbia law.  This initial complaint was oral, but it was followed several weeks later by a written complaint that conveyed the same type of information to DOL.

26. Ms. Cetrone reported her concerns about denial of leave and her classification to two Commissioners at the Commission, Susan Clampitt and Kay Kendall.  These reports were protected from reprisal under federal and/or District of Columbia law.  Ms. Cetrone informed these Commissioners that she had complained to the Department of Labor about her leave, overtime and employee status.

**The Commission Retaliates by Terminating Ms. Cetrone's Employment**

27. On August 4, 2015, Ms. Cetrone was called into Defendant Toney's office.  Ms. Cetrone explained again that she believed that she should be classified as a regular full time Commission employee and that she was entitled to receive the rights and benefits of a District of Columbia employee under federal and D.C. law.  Defendant Toney asked Ms. Cetrone whether she had filed a complaint with DOL.  Ms. Cetrone said that she had filed

a complaint with the DOL.   Defendant Toney appeared to be upset about Ms. Cetrone's filing of the DOL complaint.

28. On August 5, 2015, the day after Ms. Cetrone told Defendant Toney about her DOL complaint, Ms. Cetrone was called to a meeting with Defendant Toney, Interim Commission Deputy Director Victoria Murray-Baatin, and two human resources representatives of the Commission. They told Ms. Cetrone that there was a "problem with [her] contract" and that, as a result, they were terminating her immediately.  At this point, Ms. Cetrone was eight months pregnant.  Ms. Cetrone had to return her keys and equipment to her employer that same day.

29. The Commission provided a letter of termination to Ms. Cetrone.  The letter was dated August 5, 2015.   The termination letter provided no rationale for Ms. Cetrone's termination.  The termination letter stated that the Commission was "pleased with the services and quality [of] [Ms. Cetrone's] work product."

30. Upon her termination, Ms. Cetrone and her family were unexpectedly plunged into financial insecurity, and forced to rely on only her husband's salary for all of the family's basic living expenses—just one month before the birth of their son.  Ms. Cetrone used her personal savings in order to pay her monthly student loan bills.  They were forced to abandon their plans to move to a larger apartment to accommodate their growing family without Ms. Cetrone's income.  Living on a single income imposed various hardships and difficulties on Plaintiff.

31. Ms. Cetrone has been, and continues to be, upset by the Commission's treatment of her.

## CLAIMS FOR RELIEF

### COUNT I:
### INTERFERENCE/DENIAL OF LEAVE
### in Violation of the Family and Medical Leave Act and
### the D.C. Family and Medical Leave Act
### Against Defendant District of Columbia

32. Ms. Cetrone re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

33. At the time of her termination, Ms. Cetrone was employed by the Commission and therefore the District of Columbia for more than one year and she had worked more than 1,250 (one thousand two hundred fifty) hours during the preceding 12-month period. Defendant District of Columbia, and the Commission, employed fifty (50) or more employees within 75 miles of Ms. Cetrone's office during the relevant time.  29 U.S.C. § 2611(4)(A).

34. Under the FMLA, Ms. Cetrone was entitled to twelve (12) workweeks of job-protected leave for the birth of a child and any related medical conditions. Under the DCFMLA, Ms. Cetrone was entitled to sixteen (16) workweeks of job-protected leave for the birth of a child and any related medical conditions.  Under applicable rules and regulations, Ms. Cetrone was entitled to eight weeks of paid leave.

35. Defendant District of Columbia was prohibited from interfering with, restraining, and/or denying Ms. Cetrone's exercise of or attempt to exercise her rights under the FMLA or DCFMLA.

36. Ms. Cetrone attempted to exercise her FMLA/DCFMLA rights by requesting job-protected leave to care for her child after she gave birth. Ms. Cetrone also informed her employer that she believed she was entitled to request job-protected leave under the law.  Defendant

District of Columbia repeatedly and erroneously denied that she was eligible for such leave and refused to confirm that her job would be protected if she took leave to care for her newborn son.  Ms. Cetrone also asked for coverage under the D.C. Paid Family Leave Program.  Ms. Cetrone was told by Defendants that they would not provide her with benefits under that program.

37. In so doing, Defendant District of Columbia willfully interfered with, restrained, and/or denied Ms. Cetrone's exercise of her FMLA and DCFMLA rights, in violation of federal and DC law.

38. Ms. Cetrone suffered, and continues to suffer, significant harm as a result of Defendants' violations of the FMLA and DC law.

<h2 style="text-align:center"><u>COUNT II</u>:<br>UNLAWFUL TERMINATION<br>in Violation of the Family and Medical Leave Act,<br>the D.C. Family and Medical Leave Act, the D.C. Whistleblower Protection Act and the<br>Fair Labor Standards Act<br>Against Defendant District of Columbia</h2>

39. Ms. Cetrone re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. On July 24, 2015, Ms. Cetrone reported the Commission's, and therefore the District of Columbia's unlawful misclassification of her position as an independent contractor and the denial of her FMLA and DCFMLA leave to DOL, thereby exercising her rights under federal and/or District of Columbia law.  Ms. Cetrone's complaint to the DOL was a protected disclosure under District of Columbia law.

41. On August 4, 2015, Defendant Toney asked Ms. Cetrone whether she had filed a complaint with DOL. Ms. Cetrone confirmed that she had complained to DOL.  Defendant Toney

was Ms. Cetrone's supervisor under District of Columbia law.  Defendant District of Columbia terminated her employment the next day.

42. In so doing, Defendant District of Columbia discharged or discriminated against Ms. Cetrone for exercising her rights, in violation of the FMLA and/or DCFMLA.  Defendant's conduct was willful as that term is used in the relevant statutes. Defendant's conduct also violated the DC Whistleblower Protection Act and/or Fair Labor Standards Act.

43. Ms. Cetrone suffered, and continues to suffer, significant harm as a result of Defendants' violations of the law.

## COUNT III:

### DISCRIMINATION/RETALIATION
### in Violation of the D.C. Human Rights Act
### Against Both Defendants

44. Ms. Cetrone re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

45. At the times relevant to this action Ms. Cetrone was protected by the DCHRA in that she was a female and pregnant.  Ms. Cetrone also engaged in activity protected from retaliation by the DCHRA, including but not limited to seeking leave, job protection and benefits related to her pregnancy.

46. Ms. Cetrone suffered harm when Defendants terminated her employment on August 5, 2015.  But for Ms. Cetrone's status as a pregnant woman, she would not have been terminated at that time. Ms. Cetrone suffered harm when she was terminated, denied leave (paid or unpaid), and job protection.

47. Defendants' conduct as alleged herein constituted unlawful sex discrimination and/or retaliation.

48. As a result of Defendants' unlawful conduct, Ms. Cetrone has suffered and continues to suffer emotional pain, inconvenience, mental anguish, diminished enjoyment of life, humiliation, and/or related damages in an amount that will be determined at trial.  As a result of Defendants' discriminatory employment practices, Ms. Cetrone lost wages, benefits, and opportunities for promotion.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Cetrone respectfully requests the following relief:

A. Judgment in favor of Ms. Cetrone and against Defendants on all counts of the Complaint;

B. A declaration that Defendants violated each of the statutes referenced herein, including but not limited to the FMLA, the DCFMLA, the D.C. Human Rights Act, the D.C. Whistleblower Protection Act and the FLSA.

C. A permanent injunction to make Plaintiff whole to the maximum extent possible, including but not limited to reinstatement;

D. Back pay, in an amount to be determined at trial, which accounts for the salary, benefits, raises and emoluments that Ms. Cetrone would have received but for the Defendants' discriminatory conduct;

E. Compensatory, liquidated and consequential damages, in an amount to be determined at trial;

F. Pre-judgment and post-judgment interest;

G. Attorneys' fees and costs incurred in this action; and

H. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts set forth herein.

Dated: August 3, 2016                    Respectfully submitted,

By: */s/ Matthew K. Handley*
Matthew K. Handley (D.C. Bar No. 489946)
Christine E. Tschiderer (D.C. Bar No.  979762)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
(202) 319-1000 (telephone)
(202) 319-1010 (facsimile)

Stephen Z. Chertkof (D.C. Bar No. 453478)
Susan E. Huta (D.C. Bar No. 451713)
HELLER HURON CHERTKOF &
SALZMAN, PLLC
1730 M Street, N.W., Suite 412
Washington, D.C. 20036
Telephone: (202) 293-8090
Facsimile: (202) 293-7110

*Counsel for Plaintiff Ariel Cetrone*